*228 OPINION.
MilleR:
The first question for determination is whether the petitioner established deductible losses in 1930 by selling certain stock to a corporation of which he was the sole stockholder. The answer turns on whether the sales were bona fide. The respondent does not charge fraud, but contends that petitioner did not give up control of the securities or effectively part with title thereto.
We find that the sales were bona fide. They were made at the market prices and petitioner was paid therefor. He had no agreement or preconceived plan to reacquire the securities from the corporation. It was customary for petitioner to lend money to the corporation for the purpose of buying securities and the particular stocks involved in this case were purchased by the corporation with money so loaned. This is not sufficient to prevent the sales from being bona fide. See Thomas W. Behan, 32 B. T. A. 1088.
*229 This case is governed by the decisions in Burnet v. Commonwealth Improvement Co., 287 U. S. 415; Edward Securities Corporation, 30 B. T. A. 918; and Commissioner v. Eldridge, 79 Fed. (2d) 629, affirming A. S. Eldridge, 30 B. T. A. 1322. Gregory v. Helvering, 293 U. S. 465, relied upon by respondent, is clearly distinguishable. That case involved the corporate reorganization provisions of the Revenue Act of 1928. There it was held that no real reorganization took place, and that a new corporate structure was set up solely for the purpose of evading taxes. We have no such question here. In the instant proceeding the corporation had been in existence for several years and was created for a valid purpose. There is no reason for disregarding the fact that petitioner and the corporation were separate and distinct entities. In accordance with the facts disclosed in the stipulation, therefore, we hold that the petitioner in 1930 sustained a capital net loss of $71,834.25, and an ordinary loss of $310,893.45 upon the sales of stocks in question.
Moreover, in accordance with the following stipulation:
If the Board sustains the contentions of the petitioner and allows the aforesaid losses for the year 1930 claimed on the alleged sale of securities to The Saint Amour Company, the amount of $504,639.71 constitutes an allowable deduction from the income for the year 1931.
the amount specified therein will be allowed as a deduction for the year 1931.
The next question presented is whether the respondent erred in failing to allow, as a deduction for the year 1930, sums theretofore advanced to Marsh in the amount of $46,392. There are set forth in the margin applicable provisions of the Revenue Act of 1928.[1]
The determination of the respondent is favored with a presumption of correctness and the burden is upon the petitioner to show that it is erroneous. Welch v. Helvering, 290 U. S. 111. Here, upon a consideration of all the evidence, we hold that petitioner has not met his burden.
The facts presented leave us in doubt as to the nature of the loss claimed by petitioner on account of advances made to Marsh for financing and furthering the expedition. Are they to be regarded *230 as loans or as investments in a joint venture? The testimony shows •that Marsh gave petitioner notes representing the $31,392. There is other evidence showing that the advances were to be repaid out of the profits, if any, from-the expedition, and that any excess profit over the amount of the advances was to be divided equally between petitioner and Marsh. The evidence is clear, however, that petitioner had very little hope of profit.
If we assume that the advances are to be considered as loans, then .subdivision (j) of section 23 is applicable, which provides that debts are deductible in the year in which ascertained to be. worthless and charged off. The evidence shows that the petitioner charged off all of the $31,392, except $1 at the end of the year 1926. This evidence, far from supporting petitioner’s contention, tends to sustain the Commissioner’s determination that this debt was ascertained to be worthless and charged off in 1926. This determination is further supported by the fact that thereafter Marsh had no gainful employment or any property, and that this fact was known to the petitioner. The statute does not allow the taxpayer to select the year of deduction of a debt which he has known for some time to be worthless. Louis D. Beaumont, 25 B. T. A. 474, and cases there cited.
If the advances were considered as investments in a joint venture, then any deduction to be allowable as a loss must come under subdivision (e) (2) of section 23. Under that section losses are deductible in the year in which sustained, irrespective of when the taxpayer ascertains his loss. In 1930 the petitioner was informed by Marsh that he had misappropriated some of the money advanced by petitioner. Any loss sustained by petitioner from such embezzlement or misappropriation was sustained in the year it occurred, First National Bank of Sharon v. Heiner, 66 Fed. (2d) 925. Yet we are not informed as to the amount of such misappropriation or as to the time thereof. We are, therefore, not able to determine when the petitioner’s loss by this means occurred. Since we do not know the amount thereof, we can not determine the amount of any remaining loss which might otherwise be deductible in 1930. Moreover, as petitioner has failed to establish the date of such embezzlements—except that they occurred prior to 1930—they certainly can not be urged as an event occurring in 1930 which established a loss for that year.
Disallowance of the claimed deduction of $46,392 is approved.
[Reviewed by the Board.

Decision will be entered under Rule 50.

 SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
*******
(e) Losses by individuals.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—
*******
(2) If incurred in any transaction entered into for profit, though not connected with
the trade or business ; or
* * * * * * *
(5) Bad debts.—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.